

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2006

# Marliano v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2844

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Marliano v. Atty Gen USA" (2006). *2006 Decisions*. Paper 927.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/927

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2844

MARLIANO,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge:  Honorable Donald Vincent Ferlise
(BIA No. A96-259-843)

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2006

Before: AMBRO, FUENTES and GREENBERG, Circuit Judges

(Opinion filed: June 9, 2006)

OPINION

AMBRO, Circuit Judge

Marliano,[1] an ethnic Chinese Buddhist from Indonesia, applied for asylum in the United States, withholding of removal, and protection under the Convention Against Torture (CAT). His application mentioned only three incidents of individual harm, and once observing an ethnic Chinese assaulted during a street riot, in over 22 years in Indonesia. While the Immigration Judge (IJ) found Marliano credible, the IJ found no evidence to support either past persecution or a well-founded fear of future persecution. We agree and deny the petition for review.

## I. Factual Background and Procedural History

We briefly relate the facts, which are well known to the parties. Marliano is an Indonesian native, an ethnic Chinese, and a Buddhist. He, like many others similarly situated, seeks asylum and withholding of removal in the United States because he fears for his safety in Indonesia.

In 1980, an Indonesian man broke into his house and killed his four-year-old brother; Marliano was seven at the time. In 1993, Buddhist temples were burned by native Indonesians. In May 1998, Marliano watched from his window at work as an ethnic Chinese person was assaulted on the street during a riot. In November 1998, Marliano and some of his relatives were preparing an altar outside their home when a group of native Indonesians destroyed the altar and told them not to worship outside again. In May 1999, Marliano was mugged on a bus by three native Indonesians. He

---

[1] Petitioner has only one name. *See also Sugiarto v. Gonzales*, 153 Fed. Appx. 104, 105 n.1 (3d Cir. 2005) (noting that Indonesian petitioner had only one name).

then saved up money until 2002 and came to the United States.

After nearly a year in this country, Marliano filed an application for asylum, withholding of removal, and protection under the CAT. It was denied, and he went before the IJ in May 2003. Marliano conceded his removability and renewed his application. In January 2005, the IJ denied the requested relief and ordered Marliano removed to Indonesia. He appealed to the Board of Immigration Appeals (BIA), which affirmed the IJ's findings without opinion. This petition for review followed.

## II. Jurisdiction and Standard of Review

Our jurisdiction arises under 8 U.S.C. § 1252. "When the BIA affirms an IJ without opinion, we review the IJ's opinion." *Butt v. Gonzales*, 429 F.3d 430, 433 (3d Cir. 2005) (internal quotation marks omitted). The IJ's persecution determinations are "findings of fact that we review under the deferential substantial evidence standard." *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001). Under that standard, the IJ's "finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Id.* at 484.

## III. Discussion

To qualify for asylum, Marliano must show that he is unable or unwilling to return to Indonesia because he experienced past persecution or because he has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Abdille*, 242 F.3d at 482.

3

The IJ's findings that Marliano did not establish past persecution are not contradicted by the evidence. Marliano could not connect the 1980 incident of his brother's death to any persecution based on his ethnicity or religion. He was not hurt, nor was his employer harmed, during the 1998 riots. Although the altar outside his home was destroyed, he had worshiped outside for five years, and had had no problems until the one incident, which seems isolated rather than part of a pattern of persecution. And the mugging in 1999 does not rise to the level of persecution. *See Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005) ("Simple robbery, in isolation, while unfortunate and troubling, does not seem to meet th[e] stringent standard [for persecution]."). We have said before that "'persecution' is an extreme concept that does not include every sort of treatment our society regards as offensive." *Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir. 1993). Indeed, we defined persecution to "include threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Id.* at 1240. We have nothing of the sort before us here.

The IJ's findings about Marliano's inability to establish a well-founded fear of future persecution are also supported by the record. The State Reports on Indonesia do not reflect persecution of ethnic Chinese or Buddhists by the Indonesian government or an inability or unwillingness on the part of the government to protect these groups. Marliano has failed to "establish either that [he] faces an individualized risk of persecution or that there is a 'pattern or practice' of persecution of Chinese [Buddhists] in Indonesia." *Lie*, 396 F.3d at 537. Plus, Marliano's family remains in Indonesia. *See id.*

4

("[W]hen family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished.").

Because Marliano could not meet the lower standard for asylum, he therefore could not establish eligibility for withholding of removal. *Paripovic v. Gonzales*, 418 F.3d 240, 246 (3d Cir. 2005). Moreover, Marliano failed to establish torture so as to obtain relief under the CAT.

\* \* \* \* \*

We deny the petition for review.